UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case Number 09-11708-BC
v.                                   Honorable Thomas L. Ludington

RICHARD E LOCKARD and
JEAN LOCKARD,

        Defendants.
_____ /

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER, ADJOURNING STATUS CONFERENCE, AND DIRECTING DEFENDANTS TO SUPPLY EVIDENCE IN SUPPORT OF THEIR POSITION

On May 5, 2009, Plaintiff United States of America ("the government") filed a complaint against Defendants Richard E. Lockard and Jean E. Lockard ("Defendants") seeking to recover $560,000 in personal income taxes and sole proprietorship business taxes from tax years 1996 through 2005. The government sought to reduce the tax liabilities to a judgment against the Defendants, and also foreclosure and sale of two properties in Huron County, Michigan to recover the money due. Defendants filed an answer on May 21, 2009, admitting some of the allegations and denying others. After several months of discovery, the Court entered a consent judgment pursuant to the parties stipulation on November 19, 2010 [Dkt. # 10]. The consent judgment includes a $336,089.92 money judgment against both Defendants jointly for tax years 1996 through 2004. It also includes a $239,933.51 consent judgment against Richard E. Lockard individually for tax years 1999 through 2005. The judgment further provides for interest pursuant to 28 U.S.C. § 1961(c)(1). Although the judgment does not mention the government's foreclosure claim, the case was closed by the clerk's office on the day the consent judgment was entered.

On March 5, 2010, nearly four months after the case was closed, the government filed a motion for summary judgment on its foreclosure claim [Dkt. # 11]. The government acknowledged in its motion that its first two claims had been resolved by the consent judgment, but asserted its continued entitlement to judgment on its remaining foreclosure claim. Defendants' March 12, 2010 response contends that the case was "concluded and closed" by the entry of the consent judgment on November 19, 2009, and that the government is not now permitted to seek foreclosure [Dkt. # 12]. Defendants contend that the only reason they agreed to the consent judgment was that they believed the government was abandoning the foreclosure claim. The government filed a reply on March 18, 2010 [Dkt. # 13], and Defendants filed a sur-reply on March 22, 2010 [Dkt. # 14].

On August 24, 2010, the Court held a status conference to discuss the government's motion for summary judgment. Although the procedural posture initially seemed unusual, the Court explained to the parties that the Defendants had not identified, and the Court had been unable to find, legal authority in the Federal Rules of Civil Procedure or the Federal Tax Code that prevents the government from collecting overdue taxes in this manner. Defendants may feel they were treated unfairly, or at least unusually, by the government, but they had not identified any factual or legal dispute that would bar judgment on the foreclosure claim in favor of the United States. The Court noted, however, that neither the Defendants themselves nor the attorneys who participated in the negotiations that led to the consent judgment had appeared for the status conference. Accordingly, a second status conference was scheduled for October 13, 2010, in an effort to provide Defendants with a final opportunity to provide factual or legal support for their position.

At Defendants' request, the status conference was adjourned on October 12, 2010. [Dkt. # 22]. A new date will be scheduled, but Defendants will be required to provide factual or legal

support for their position in advance of the conference or it will be canceled and the relief sought by the government will be granted. [Dkt. # 11].

I

On November 19, 2009 the Court entered a consent judgment holding Defendants Richard E. Lockard and Jean E. Lockard jointly and severally liable to the United States for $336,089.92 in unpaid income taxes. The judgment also held Defendant Richard E. Lockard individually liable for $239,933.51 in unpaid employment taxes and civil penalties. The judgment resolved the first two claims detailed in the government's complaint, but it did not mention the third claim—the foreclosure claim now at issue. The consent judgment does not state that the claim remained pending (the government's position) nor that it was waived by entry of the consent judgment (Defendants' position). It simply did not say anything about the foreclosure claim at all.

The Lockards jointly own, as tenants by the entirety, two properties located in the Village of Elkton, Michigan. One property is located at 5107 Whalen Street (the "Whalen Property") and the other is located at 5418 Pigeon Road (the "Pigeon Property"). The Lockards purchased the Whalen Property in 1987 and the Pigeon Property in 2006. Other than the government's asserted tax lien, there is apparently no other liens on either property. The government filed notices of federal income tax liens against the Lockards with the Huron County Register of Deeds on March 30, 2004, December 9, 2004, and August 17, 2006. [Dkt. # 11-4]. The government filed notices of federal business tax liens against Richard E. Lockard with the Huron County Register of Deeds on February 14, 2005, August 17, 2006, January 8, 2008 and January 25, 2008. [Dkt. # 11-5].

II

A motion for summary judgment should be granted if "the pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party seeking summary judgment has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. Pro. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the opposing party does not raise genuine issues of fact and the record indicates the moving party is entitled to judgment as a matter of law, the court shall grant summary judgment. *Anderson*, 477 U.S. at 250.

### III

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest . . . [and] costs . . . ) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321; *see also Aquilino v. United States*, 363 U.S. 509, 512–14 (1960) (describing the process by which a federal tax lien attaches to real or personal property). Once a lien has attached, the United States may enforce the lien by filing suit in district court "to subject any property, of whatever nature, of the delinquent . . . to the payment of such tax or liability." 26 U.S.C. § 7403(a). "[I]n all cases where a claim or interest of the United States therein is established, [the court] may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the finding of the court in respect to the interest of the parties and of the United States." 26 U.S.C. § 7403(c).

In this case, the consent judgment demonstrates delinquent tax liabilities owed to the United States by the Defendants. Accordingly, a lien automatically attaches to *all* of the Defendants real property, including the Pigeon and Whalen Properties. 26 U.S.C. § 6321. The United States may seek to enforce the lien by petitioning the court to order the sale of the property. 26 U.S.C. § 7403.

Defendants raise one factual objection and one legal objection to the government's motion for foreclosure and sale of the Pigeon and Whalen Properties. They first contend that the November 19, 2009 consent judgment represented a compromise between the parties and that they agreed to it as a way to bring finality to the case and "resume their lives free and clear of the looming danger of government foreclosure on their home." Defs.' Resp. at 2. The Defendants further contend that the consent judgment was "a sincere attempt by both sides to efficiently resolve this matter in a way which provided some mutual benefits." *Id.* They emphasize that the consent judgment was prepared by the government; that it accounts for every tax liability asserted by the government and does not contain limiting language making clear that the case remains open; and that clerks office closed the case immediately after the consent judgment was entered. *Id.* at 3. "Only approximately four months following the closure of this case did Plaintiff seek to renege on its own proposed Consent Judgment and seek additional relief." *Id.*

The government emphasizes in its response that Defendants have admitted all the facts relevant to the foreclosure claim: Defendants are liable for unpaid taxes, they own real property in Huron County, and a tax lien has attached and been recorded as to that property. The government further contends that it never explicitly agreed—nor impliedly agreed—to give up its right to foreclose on the property. "The Lockards have produced, and can produce, no evidence indicating that the United States agreed to waive or otherwise disposed of its foreclosure claim when it

proposed that the Lockards consent to judgment on their liabilities." Gov't Reply at 2. In the government's view, if the Lockards honestly believe that the consent judgment closed the case and that the government waived its foreclosure claim, that was their mistake and they should not now be permitted to profit from it by avoiding foreclosure of the Pigeon and Whalen Properties.

As the government emphasizes, the Defendants have not presented any evidence that demonstrates a factual issue that would bar the government's motion. The Federal Rules of Civil Procedure clearly provide that "any order or other decision, *however designated*, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added). Accordingly, the government's third claim remained pending even after the entry of the consent judgment.

Moreover, Defendants have not identified a single fact supported by admissible evidence demonstrating that the government waived its right to foreclose and sell their property. *See Anderson*, 477 U.S. at 250. Once the government demonstrated its entitlement to foreclose and sell Defendants' property, it triggered Defendants' obligation to demonstrate, "by affidavits or as otherwise provided" by the Rules, "a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Defendants have not submitted a single affidavit or otherwise met that obligation. Accordingly, their factual opposition to the government's motion is without support in the record.

Defendants also object to the government's motion on legal grounds. Defendants contend that because a "**complete** Consent Judgment has already been entered," it is too late to file a motion for partial summary judgment. Defs.' Resp. at 3 (emphasis in original). Defendants contend that

the motion should be construed as a motion for reconsideration, E.D. Mich. L.R. 7.1(g), or a motion for relief from judgment, Fed. R. Civ. P. 60(b). Construed as such, the motion is unlikely to succeed under the standard of review supplied by those rules. The government emphasizes in response that it is not seeking to alter or reconsider the consent judgment. Indeed, the government wants the consent judgment to remain exactly as it is. Rather, the government is simply seeking to enforce the consent judgment through the remedy of foreclosure and sale.

The government's motion is appropriately titled a motion for partial summary judgment and it will be reviewed pursuant to the Rule 56 standard. Defendants' legal defense depends on their interpretation of the consent judgment, which as discussed above, lacks a basis in fact. Although the government's motion was filed after the a consent judgment was entered, it need not be considered under a different standard of review. The Defendants and the government agreed to a consent judgment providing final disposition on the question of tax liability. They reached no agreement on the foreclosure claim. Accordingly, Defendants' legal opposition to the government's motion also is unsupported.

## IV

Resolving the government's motion for summary judgment essentially requires the Court to interpret the November 19, 2009 consent judgment and determine what, if any, effect it has on the government's ability to foreclose on the Lockards' property. Although the procedural posture initially seems unusual, the consent judgment does not mention the foreclosure claim and Defendants have not demonstrated that it impliedly bars foreclosure.

Accordingly, it is **ORDERED** that Defendants' motion for modification of the scheduling order [Dkt. # 22] is **GRANTED IN PART AND DENIED IN PART**. The status conference is

**ADJOURNED** until **November 18, 2010 at 2:00 p.m.** The same conditions set forth in the initial order establishing the status conference remain applicable [Dkt. # 21].

It is further **ORDERED** that Defendants shall file a supplemental response to Defendant's motion for partial summary judgment [Dkt. # 11] on or before **October 29, 2010**. The response shall include an affidavit or other admissible evidence setting forth the justification for their apparent belief that the government waived its foreclosure claim when it agreed to the consent judgment governing liability and/or legal support for their contention that entry of the consent judgment waived all the unresolved claims in the complaint. If no response is filed, the Court will grant the government's partial summary judgment motion.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 14, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 14, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS