UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                      Case Number 09-11708-BC
v.                                                 Honorable Thomas L. Ludington

RICHARD E LOCKARD and
JEAN LOCKARD,

        Defendants.
_____ /

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CANCELING STATUS CONFERENCE

On May 5, 2009, Plaintiff United States of America ("the government") filed a complaint against Defendants Richard E. Lockard and Jean E. Lockard ("Defendants") seeking to recover $560,000 in personal income taxes and sole proprietorship business taxes from tax years 1996 through 2005. The government sought to reduce the tax liabilities to a judgment against the Defendants, and also foreclosure and sale of two properties in Huron County, Michigan to recover the money due. Defendants filed an answer on May 21, 2009, admitting some of the allegations and denying others. After several months of discovery, the Court entered a consent judgment pursuant to the parties stipulation on November 19, 2010 [Dkt. # 10]. The consent judgment includes a $336,089.92 money judgment against both Defendants jointly for tax years 1996 through 2004. It also includes a $239,933.51 consent judgment against Richard E. Lockard individually for tax years 1999 through 2005. The judgment further provides for interest pursuant to 28 U.S.C. § 1961(c)(1). Although the judgment does not mention the government's foreclosure claim, the case was closed by the clerk's office on the day the consent judgment was entered.

On March 5, 2010, with the consent judgment unsatisfied, the government filed a motion for

summary judgment on its foreclosure claim [Dkt. # 11].  The government acknowledged in its motion that its first two claims had been resolved by the consent judgment, but asserted its continued entitlement to judgment on its remaining foreclosure claim to satisfy the unpaid consent judgment. Defendants' March 12, 2010 response contends that the case was "concluded and closed" by the entry of the consent judgment on November 19, 2009, and that the government is not now permitted to seek foreclosure [Dkt. # 12].  Defendants contend that the only reason they agreed to the consent judgment was that they believed the government was abandoning the foreclosure claim.  The government filed a reply on March 18, 2010 [Dkt. # 13], and Defendants filed a sur-reply on March 22, 2010 [Dkt. # 14].

On August 24, 2010, the Court held a status conference to discuss the government's motion for summary judgment.  Although the procedural posture initially seemed unusual, the Court explained to the parties that the Defendants had not identified, and the Court had been unable to locate, legal authority in the Federal Rules of Civil Procedure or the Federal Tax Code that prevents the government from collecting the overdue taxes by foreclosure.  Defendants may feel they were treated unfairly, or at least unusually, by the government, but they had not identified any factual or legal dispute that would bar judgment on the foreclosure claim in favor of the United States.  The Court noted, however, that neither the Defendants themselves nor the attorneys who participated in the negotiations that led to the consent judgment had appeared for the status conference. Accordingly, a second status conference was scheduled for October 13, 2010, in an effort to provide Defendants with a final opportunity to provide factual or legal support for their position.

At Defendants' request, the status conference was adjourned on October 12, 2010.  [Dkt. # 22].  On October 14, 2010, the Court entered an order explaining that there was no dispute as to any

material fact, and that the government had demonstrated its entitlement to foreclosure and sale of the properties. [Dkt. # 23]. Still, because of the unique procedural posture of the case and the apparent misunderstanding concerning the parties understanding about satisfaction of the consent judgment, the order provided Defendants with a final opportunity to provide admissible evidence to the contrary.

On October 26, 2010, Defendants submitted a response and an affidavit from their attorney, reiterating their arguments concerning the standard of review and the omission from the consent judgment of language permitting the United States to foreclose on their property. No suggestion was offered, however, of any earlier agreement concerning satisfaction of the consent judgment. The Court addressed the Defendants' arguments in the October 14, 2010 order, and it is not necessary to revisit them here. The government may foreclose and sell *any* property to recover an outstanding tax liability, 26 U.S.C. § 7403(c), and Defendants have still not provided any legal authority to suggest that the government waived its right to foreclose and sell the property at issue in this case because it did not specifically reserve its right to do so in the consent judgment. Moreover, nearly a year has passed since the consent judgment was entered, and there is no indication from the record that Defendants have made any effort to negotiate a payment plan.

Defendants further contend that foreclosure on the property would be "uneconomical" under § 6331(f) of the Internal Revenue Code. 26 U.S.C. § 6331(f). The Code provides that the government shall not levy on any property if the expenses which "would be incurred . . . exceed[] the fair market value of such property at the time of levy." 26 U.S.C. § 6331(f). Although real estate values may have deteriorated during the recent recession, Defendants paid $65,001 for one of the properties at issue in this case in 1988 and $230,000 for the other property in 2006.

Defendants have not advanced any evidence to suggest that the properties have not retained significant value, much less that the expenses associated with selling those properties would exceed their value.

In the October 14, 2010 order, the Court directed the Defendants to include in their response "an affidavit or other admissible evidence setting forth the justification for their apparent belief that the government waived its foreclosure claim when it agreed to the consent judgment governing liability and/or legal support for their contention that entry of the consent judgment waived all the unresolved claims in the complaint." [Dkt. # 23]. Although an affidavit was provided, it does not contain the necessary evidence.

Accordingly, it is **ORDERED** that Plaintiff's motion for partial summary judgment [Dkt. # 11] is **GRANTED**.

It is further **ORDERED** that the status conference scheduled for November 18, 2010 is **CANCELED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 8, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS